## 27590. METROPOLITAN LIFE INSURANCE COMPANY v. BRITTAIN.

DECIDED SEPTEMBER 11, 1939. REHEARING DENIED OCTOBER 27, 1939.

*Smith, Smith & Bloodworth, William H. Smith, G. Fred Kelley,* for plaintiff in error.

*William P. Whelchel, E. C. Brannon,* contra.

FELTON, J. Carl S. Brittain, as beneficiary of his deceased wife under insurance policies issued to his wife as the insured, sued the Metropolitan Life Insurance Company on the policies for the alleged accidental death of his wife, seeking to recover the double indemnity provided for in the policies if due proof were submitted that the insured sustained bodily injuries solely through external, violent, and accidental means, resulting directly and independently of all other causes in her death within ninety days from the date of the injuries. The policies provided further that no accidental death benefit would be paid if the death of the insured was caused or contributed to directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity. The plaintiff contended that the death of the insured was caused by an accidental fall in the bathroom, while dressing and combing her hair, when she fell, striking her hip on the water toilet-bowl, and the back of her head near the base of the skull on the water-tank thereto. The defendant contended that the proximate cause of death was sarcoma, or that her death was contributed to by the

disease. The jury found for the plaintiff, and the defendant excepted to the overruling of its motion for new trial.

The plaintiff testified, that his wife received an injury on April 13, 1936, by falling in the bathroom and hitting her hip on the side of the commode stool and the base of her skull and back of the head on the water-tank behind the commode; that he found her lying partly on the commode stool, with her head still resting on the water-tank, practically unconscious; that as soon as she was able to speak she said she was in there fixing her hair, and had fallen; that she complained that she had a severe pain in the back of her head and in her hip, complaining more of the head pain; that before the fall on the day of the accident the insured was up and about and able to move around the house, able to come to the table and have her meals, but that after the injury she never fully realized where she was when she was carried to the hospital; that she seemed the same for the first two or three days; that the doctor said she was showing some improvement on the day before she died on April 30, 1936; that the insured was not in good health, but on Sunday before the accident was able to go out in an automobile and serve a picnic lunch and visit a friend; that she had not been in good health since 1931; that Dr. Allen told him that she had been suffering with cancer, but the date does not appear; that in 1931 Mrs. Brittain had an automobile accident and from then until her death Dr. Allen had treated her over a period of three months sometimes, and from one time to another; that she had a terrible sore on her arm, which was well when she died; that before the fall she complained of pain in her back; that it got so severe she had to take morphine for the last two years of her life; that she was taking more morphine at one time than she was at the time of her death; that her pain had been nearly fifty per cent. reduced, and they had great hope of getting her to the point where it would not take any; that he did not think it could be said she was able to do all her household duties; that he was married to her eighteen years, and she never was a healthy woman; that Dr. Allen told him the pain in the hip was malignant cancer, and that if he could treat her with that machine as he did the shoulder he had a good hope of relieving her of it; that she was carried to the hospital on April 17, 1936; and that she was not any weaker in the last week or two before her death than she

had been for some time. The plaintiff signed an agreement, as part of the proof of death, which provided that the certificate of death by Dr. M. B. Allen should be considered as part of the proof of death. The policy provided that the contents of the proofs of death should be evidence of the facts therein stated in behalf of, but not against, the defendant.

Dr. Myron B. Allen, on May 21, 1936, made an affidavit forming a part of the proof of death, in which the following information appeared: To question 6, as to the cause of death, he answered: "Sarcoma," duration from personal knowledge "24 days." He stated as a contributory or secondary cause: "Fall in bathroom from weakness." Question 7 was as follows: "If death was due to external causes (violence), fill in also the following: Accident, suicide, or homicide?" Dr. Allen answered this question: "Accident." He answered in the affidavit that there were no fractures; that the date of his first visit in the last illness was April 6, 1936; that the deceased had been ill about five months when he called in her last illness; that she was not afflicted with any infirmity, deformity, or chronic disease; that he attended her for automobile accident from February, 1931, to 1935.

On May 22, 1936, the plaintiff made an affidavit as part of the proofs of death, in which the following appeared: Question 4. Cause of death? Answer: "Sarcoma—fall in bathroom." Question 5. Duration of last illness? Ans. "24 days." Q. 6. What date did deceased first consult a physician for last illness? A. "April 6, 1936." This affidavit ended with the agreement that the plaintiff would not have furnished the proofs required by the terms and condition of the policies relating to the filing of the proofs of death until a demand for additional proofs had been complied with.

■ The evidence in this case is very meager on each side, but we are of the opinion that it authorized a verdict for the plaintiff. When the plaintiff closed, he had proved that his wife fell and hurt herself and died in seventeen days. There was no evidence, except hearsay, to the effect that she was afflicted with cancer. A prima facie case was made for the plaintiff. The defendant's evidence consisted of the doctor's affidavit. The doctor's answers to the questions were conflicting, and the jury was authorized to disregard them entirely. The doctor answered that the cause of

death was sarcoma. He also answered that the death was accidental and caused by fall. He answered that he treated the deceased for four years, and that he first discovered cancer on April 6, 1936. The jury were authorized to find that the cancer was in the first stage, and therefore curable. The plaintiff's admissions in the proofs of death were not conclusive against him. His answer as to the cause of death was ambiguous. He stated two reasons. The jury was authorized to find that he took his answer from the affidavit of the doctor, made the day before. The jury was further authorized to find that the cancer did not cause the fall. The evidence is slight; but in the absence of anything more definite, we are disposed to let the verdict stand.

■ The defendant introduced in evidence the proofs of death. This cured any defect in the plaintiff's case arising from a failure to do so under the facts. The point is made, in one ground of the motion for new trial, that to permit the plaintiff to testify that he told the agent who furnished him the blanks that the death was an accident was error. This point was raised because it was at that time the purpose of the plaintiff to excuse the filing of different proofs of death by the conduct of the defendant after due notice that the death was accidental. When the defendant introduced the proofs showing sufficient information to put the defendant on inquiry at least to the extent of insisting on additional proofs, the above point became moot.

■ The following charge to the jury is complained of: "I charge you, however, that where a beneficiary under a policy requests of an insurance company blanks for filing such proofs, at the time advising such company that the insured had met accidental death, and where the company in response to such request and advice furnishes blanks for such proofs, which are filled out by the beneficiary and filed with the company in an effort to comply with the requirements of the policy, and the company with knowledge of this accepts and retains such purported proof, and does not request any additional proof, then such company will not be heard, after suit, to complain that the required proof had not been furnished, even though it might appear that the proofs filed did not completely meet the requirements of the policy; this, under these circumstances would not prevent a recovery on the policy." This charge was not error in that it meant that the

proofs required by the policy were waived. There is no evidence as to what the alleged correct proofs would have shown. The charge is correct, and means that where the defendant with knowledge of what caused the death accepts proofs sufficient to put it on inquiry, requires the beneficiary to agree to furnish additional proofs when called on, as a prerequisite to recovery, it is estopped to say that the proofs are insufficient when it fails to request additional proof. Especially does this principle apply when the payment of the accidental death benefit is taken under advisement and expressly refused. It was not error to overrule the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*